

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| ALFONSO CORTEZ-GOMEZ, | \* | CIV 05-4053 |
| Petitioner, | \* | |
| | \* | MEMORANDUM OPINION |
| -vs- | \* | AND ORDER |
| UNITED STATES OF AMERICA, | \* | |
| Respondent, | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Petitioner, Alfonso Cortez-Gomez, (Petitioner) who is in custody pursuant to an Amended Judgment of this Court, has filed a Motion to Vacate, Set Aside, or Correct Sentence and Supporting Memorandum under 28 U.S.C. § 2255, alleging numerous grounds of ineffective assistance of counsel. For the reasons set forth in this Memorandum Opinion, Petitioner's motion is denied.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 24, 2002, a grand jury indicted Petitioner. The Indictment charges that on or about April 8, 2002, in the District of South Dakota and elsewhere, Cortez-Gomez and the codefendant Ines Herrera Martinez did knowingly and intentionally possess with intent to distribute, and did aid and abet the possession with the intent to distribute, 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Petitioner and the codefendant both pleaded not guilty and proceeded to trial.

The facts presented at trial showed that On April 8, 2002, Petitioner and the codefendant were traveling eastbound on Interstate 90 near Chamberlain, South Dakota, in a 1988 Dodge Ram. Trooper Matt Oxner was traveling westbound on Interstate 90 with a drug dog in his car when he observed the right tires of the 1988 Dodge Ram cross the fog line. Oxner observed at least one Hispanic occupant and a California license plate, and turned around to follow the vehicle. Oxner activated a video camera, ran a registration check, and proceeded to stop the vehicle for the line-crossing incident. After Oxner approached the vehicle and told the codefendant, the driver, that

he had been stopped because his vehicle crossed the fog line, the codefendant acknowledged he had done so. The codefendant's driver's license was from Washington, D.C., and the vehicle was not registered in either the codefendant's or Petitioner's name.

The Doge Ram had an American flag sticker on the back window and a Bible on the dash. The codefendant was wearing an American flag pin on his suit and Petitioner had a full-size American flag folded on his lap. Oxner testified that he had been trained that these patriotic and religious displays were indicators of drug trafficking. Oxner further observed that Petitioner and the Codefendant were wearing dirty suits, and had milk jugs filled with water in the vehicle, and that these facts indicated that they were not stopping driving to change clothes or to get drinking water. The 1988 Dodge Ram also had garlic in it which is used to attempt to throw off the scent of illegal drugs.

In the patrol car codefendant told Oxner that he had just purchased the 1988 Dodge Ram in Los Angeles, and that he and Petitioner were traveling to Chicago to look for work. Oxner told the codefendant he was going to issue a warning ticket for the traffic violation and walk Oxner's drug dog around the 1988 Dodge Ram. After the drug dog alerted, Oxner searched the vehicle, and observed certain suspicious things such as areas where screws had been removed and replaced, but found no controlled substances at that time. Oxner had questioned the codefendant, who was ultimately convicted of illegal reentry after deportation, about his nationality and immigration status, and then called the Border Patrol. The 1988 Dodge Ram was ultimately impounded, Petitioner and the codefendant were taken into custody, and packages containing 4,931.9 grams of cocaine were found inside the back seat of the 1988 Dodge Ram.

Petitioner was convicted of possession with intent to distribute, and aiding and abetting the possession with the intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine. Petitioner and his codefendant appealed their convictions, contending that the initial traffic stop and the continued detention which resulted in the discovery and seizure of the cocaine were both illegal. The convictions were upheld by the Eighth Circuit Court of Appeals on January 14, 2004. *See United States v. Herrera Martinez*, 354 F.3d 932 (8th Cir. 2004). Rehearing and rehearing en banc was denied on March 1, 2004.

In *Blakely v. Washington*, 542 U.S. 296 (2004), the Supreme Court on June 24, 2004, held

that that a state trial court's sentencing of a defendant to more than the statutory maximum of the standard range for his offense based on the sentencing judge's findings, violated a defendant's Sixth Amendment right to trial by jury. In *United States v. Booker*, 543 U.S. 220 (2005), the United States Supreme Court determined in an opinion dated January 12, 2005, that the Sixth Amendment right to trial by jury applies to sentencing under the mandatory U.S. Sentencing Guidelines. After codefendant in Petitioner's case contended in a § 2255 petition that his attorney failed to file a petition for certiorari even though the codefendant requested him to do so, this Court asked the Eighth Circuit to vacate and reenter its Mandate in the codefendant's case, which the Eighth Circuit subsequently did. The codefendant then filed a petition for certiorari. The Supreme Court granted the codefendant's certiorari petition, vacated the Eight Circuit's judgment, and remanded the case to the Eighth Circuit for further consideration in light of *United States v. Booker*, 543 U.S. 220 (2005). *See Martinez v. United States*, 127 S.Ct. 1125 (2007). In an unpublished decision, the Eighth Circuit recently determined that the codefendant's sentence was governed by the mandatory minimum sentence established in 21 U.S.C. § 841(b)(1)(B), not by the mandatory sentencing guidelines found unconstitutional in *Booker*. *See United States v. Herrera Martinez*, No. 03-1229, 2007 WL 4510888 (8th Cir. Dec. 26, 2007).

## DISCUSSION

<u>Ineffective Assistance of Counsel</u>

Petitioner contends that his trial counsel, who also represented him on appeal, was ineffective in preparing for and during trial and was also ineffective on appeal. The Supreme Court has set forth the following standard by which claims for ineffective assistance of trial counsel are to be evaluated:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984). The deficiency prong is met when a defendant shows that counsel's representation fell below the "'range of competence demanded of attorneys in criminal cases.'" *Id.* at 688 (quoting *McMann v. Richardson*, 397 U.S. 759, 770-71 (1970)). The prejudice prong is met when a defendant shows that "there is a reasonable probability that, but for

3

counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Likewise, in order to prevail on an ineffective assistance of appellate counsel claim, a defendant must establish his counsel's representation was deficient and the deficiency prejudiced the defense. *Zinzer v. Iowa*, 60 F.3d 1296, 1299 (8th Cir. 1995).

## I.

## WHETHER COUNSEL FAILED TO OBJECT TO A DUPLICITOUS INDICTMENT?

Petitioner contends that his counsel failed to investigate and object to the Indictment being duplicitous and therefore fatally defective. An indictment is duplicitous and correspondingly defective if it joins "two or more distinct and separate offenses" in a single count. *United States v. Moore*, 184 F.3d 790, 793 (8th Cir.1999). The aiding and abetting statute, however, does not create a separate offense; it merely makes defendants who aid and abet in a crime punishable as principals. *See* 18 U.S.C. § 2; *United States v. McKnight*, 799 F.2d 443, 445 (8th Cir. 1986). The Indictment in this case was not duplicitous, and counsel was not ineffective for failing to challenge the Indictment on this ground. *See United States v. Garcia*, 400 F.3d 816 (9th Cir. 2005) (indictment charging defendant with aiding and abetting in connection with offenses of bringing in illegal aliens or transporting illegal aliens was not duplicitous).

## II.

## WHETHER COUNSEL WAS INEFFECTIVE FOR FAILURE TO REFUTE THE RELIABILITY OF THE DRUG DOG?

Petitioner contends that counsel was ineffective for failure to obtain expert testimony to refute the reliability of the drug dog sniff used to develop probable cause for the search in his case. Much of Petitioner's assertions are based on his incorrect underlying assumption that the drug dog, Jake, was not certified[1]. Petitioner's Brief, pp. 5-6. At the motions hearing in this case Oxner

---

[1] Petitioner relies on *Wade v. Armontrout*, 798 F.2d 304 (8th Cir. 1986), in support of his request for an evidentiary hearing. That request has been denied. *Wade v. Armontrout* holds that a habeas corpus petitioner is entitled to an evidentiary hearing when the facts alleged, if true, would entitle him to relief. It is clear from the record that the facts alleged with regard to certification are not true.

testified that he and Jake had completed training in Iowa that encompassed every aspect of drugs and narcotic, and that they had both successfully completed the training. The Government introduced as evidence the certificate issued to both Oxner and Jake at the successful completion of the course. Motions Hearing Transcript, pp. 13-14. At the trial in this case Oxner testified he was a certified K-9 officer, that he had trained with Jake, and that Jake had already been trained when Oxner arrived for training. Trial Transcript, pp. 20, 32.

A dog sniff conducted during a lawful traffic stop, that reveals no information other than location of contraband that no individual has any right to possess, does not violate the Fourth Amendment. *Illinois v. Caballes*, 543 U.S. 405 (2005). Petitioner's case involved a lawful traffic stop. Further, a reliable dog's positive indication alone is enough to establish probable cause for the presence of a controlled substance. To establish the dog's reliability, the Government need only demonstrate that the dog has been trained and certified to detect drugs; it does not have to present a detailed account of the dog's track record or education. *United States v. Lakoskey*, 462 F.3d 965, 978 (8th Cir. 2006); *United States v. Sundby*, 186 F.3d 873, 876 (8th Cir.1999). The Government established that Jake had been trained and certified to detect drugs. Counsel was not ineffective for failing to hire an expert to investigate and comment on the dog's track record or education.

### III.

### WHETHER COUNSEL WAS INEFFECTIVE FOR NOT OBJECTING TO HEARSAY AT PETITIONER'S SENTENCING HEARING?

Petitioner contends that counsel was ineffective for failing to object when the government introduced the codefendant's statement at sentencing. However, in sentencing proceedings the confrontation clause does not apply, and hearsay evidence is admissible at such proceedings as long as it bears some indicia of reliability. *United States v. Wallace*, 408 F.3d 1046, 1048 (8th Cir. 2005). The testimony, which was elicited by the Government on cross examination after counsel for Petitioner presented testimony in support of Petitioner being considered a minor or minimal participant, was relevant, bore the requisite indicia of reliability, and any objection to this testimony would have been overruled. Counsel was not ineffective for failing to object to this testimony. The Court has also considered and rejected Petitioner's argument that counsel was ineffective for failing to properly cross examine and impeach Agent Hummel at Petitioner's sentencing.

## IV.
## WHETHER COUNSEL WAS INEFFECTIVE FOR FAILING TO REQUEST A LESSER INCLUDED OFFENSE INSTRUCTION FOR SIMPLE POSSESSION?

Petitioner contends that his counsel was ineffective for failing to ask for a jury instruction on the lesser included offense of simple possession. Clearly, a "defendant is entitled to an instruction on a lesser included offense if the evidence would permit a jury rationally to find him guilty of the lesser offense and acquit him of the greater." *Keeble v. United States*, 412 U.S. 205, 208 (1973). A defendant is entitled an instruction on a lesser included offense when:

> (1) the proper request is made;
>
> (2) the elements of the lesser offense are identical to part of the elements of the greater offense;
>
> (3) there is some evidence which would justify conviction of the lesser offense;
>
> (4) the proof on the element or elements differentiating the two crimes is sufficiently in dispute so that the jury may consistently find the defendant innocent of the greater and guilty of the lesser included offense; and
>
> (5) there is mutuality, i.e., a charge may be demanded by either the prosecution or defense.

*United States. v. Milk*, 281 F.3d 762, 768-769 (8th Cir.2002); *United States v. Short*, 805 F.2d 335, 336 (8th Cir.1986).

However, where the intent to distribute narcotics is not sufficiently in dispute, then a defendant is not entitled to an instruction on the lesser included offense of simple possession. *Id.* In this case, Petitioner did not present evidence of acquisition for personal use. The drug quantity of 4,931.9 grams of cocaine as well as other circumstances surrounding Petitioner's arrest were not consistent with acquisition for personal use. Petitioner contended at trial, sentencing, and in this proceeding that he is completely innocent of the charge. *See United States v. Collins*, 652 F.2d 735, 742 (8th Cir.1981)(no rational basis for instructing on lesser included offenses when defense claim throughout the trial was complete innocence). The evidence in his case does not place the intent to distribute narcotics sufficiently in dispute so as to entitle Petitioner to an instruction on the lesser included offense of simple possession. Consequently, counsel was not ineffective in failing to

request such an instruction.

## VI.

## WHETHER COUNSEL WAS INEFFECTIVE FOR FAILURE TO RAISE SUFFICIENCY OF EVIDENCE ON APPEAL?

Petitioner contends that counsel should have raised the issue of ineffective assistance of counsel on appeal. Petitioner points out that counsel had advised the Court that he believed his client was innocent and that the case against Petitioner was based on circumstantial evidence.

The Eighth Circuit Court of Appeals' standard of review for claims challenging the sufficiency of the evidence provides that the evidence be viewed:

> in the light most favorable to the government, giving the government the benefit of all reasonable inferences which may logically be drawn therefrom. The evidence need not exclude every reasonable hypothesis of innocence, but simply "be sufficient to convince the [fact finder] beyond a reasonable doubt that the defendant is guilty." If the evidence rationally supports two conflicting hypotheses, a reviewing court will not disturb a conviction. Indeed, this court may overturn the verdict only if the evidence properly viewed is such that a "reasonable-minded [fact finder] must have entertained a reasonable doubt as to the government's proof of one of the essential elements of the offense."

*United States v. Johnson*, 18 F.3d 641, 645-646 (8th Cir. 1994)(quoting *United States v. Holm*, 836 F.2d 1119, 1122 (8th Cir.1988)). To establish the offense of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), the government must have established that Petitioner knowingly possessed cocaine with the intent to distribute it. Proof of either actual possession or constructive possession is sufficient to satisfy the knowing possession element. *See United States v. Townley*, 942 F.2d 1324, 1325 (8th Cir.1991). Knowledge of presence, plus control over the thing, constitutes constructive possession. *United States v. Swinney*, 970 F.2d 494, 497 (8th Cir. 1992). Constructive possession may be established through either circumstantial or direct evidence. *United States v. Wainwright*, 921 F.2d 833, 836 (8th Cir.1990). Possession may also be joint, rather than exclusive. Inasmuch as a defendant who aids and abets in the commission of a crime stands in the shoes of the principal insofar as imposable punishment is concerned, the burden of proof must encompass the same elements required of the government to convict the principal offender. *Mack v. United States*, 326 F.2d 481 (8th Cir. 1964)(construing 18 U.S.C.A. § 2).

The evidence in this case established more than that Petitioner was a mere passenger in a vehicle transporting drugs. Petitioner had traveled a long distance with the codefendant, and there was evidence of soiled clothing, water bottles, and repair items that strongly suggested the two were traveling without stops to their destination. At the time Trooper Oxner stopped the vehicle Petitioner was holding a full-size American flag folded on his lap. Such a display of patriotism by a person who speaks very little English and is in this Country illegally is an indicator of drug trade activities.

This is not a case in which there were no circumstances to alert Petitioner to the criminal nature of the trip. The codefendant, who had been traveling a long distance apparently nonstop with Petitioner, advised officials that he had used cocaine earlier in the day and the codefendant subsequently tested positive for cocaine. The vehicle in which Petitioner was traveling smelled of garlic so as to throw off the scent of drugs. There was a garlic bulb in a briefcase, a garlic bulb lying loosely in the middle console and a garlic bulb inside a Kleenex box in the back. The head liner of the vehicle was held up to the ceiling of the vehicle with a series of long wires. The molding had cracks and scarred screws and screws that did not match and which indicated the molding had been removed for storing drugs.

When the codefendant was first asked by Trooper Oxner regarding the nature and purpose of the trip from Los Angeles to Chicago, the codefendant "stated very vaguely that they were going to look for some sort of work." Petitioner then presented evidence at trial that he was paid commissions to work for his nephew's music business in sales and delivery of CD's. However, Petitioner's witness acknowledged there were no records to reflect any payment. Although Petitioner presented evidence of music posters and other promotional materials being in the vehicle at the time of the vehicle being stopped, there were none of the nephew's CD's in the vehicle at the time of the stop. In reviewing all of the evidence this Court cannot conclude that the Eighth Circuit could have determined that a reasonable-minded juror must have entertained a reasonable doubt as to an essential elements of the offense of which Petitioner was convicted. Having failed to show that the sufficiency of evidence argument would have been a successful claim on appeal, this Court rejects Petitioner's argument that counsel was ineffective for failing to raise the sufficiency of evidence argument on appeal.

8

## VII.
## WHETHER COUNSEL WAS INEFFECTIVE FOR FAILING TO RAISE OBJECTIONS BASED ON *APPRENDI* AND *BOOKER*?

In his supporting memorandum, Petitioner contends that his indictment failed to specify an amount of drugs, and that such specification is mandated by *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *United States v. Booker*, 543 U.S. 220 (2005). Petitioner further maintains that counsel was ineffective for failure to raise *Apprendi* and *Booker* arguments.

In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the United States Supreme Court decreed that, other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum penalty must be submitted to a jury and proved beyond a reasonable doubt. Pursuant to *Apprendi*, federal courts have in many cases held that any such fact must be charged in an indictment, and many federal courts have applied the *Apprendi* doctrine to the drug quantity element in a federal narcotics prosecution. In the case at hand the Indictment does allege the type and amount of drugs in alleging "five kilograms or more of a mixture and substance containing a detectable amount of cocaine." There was no *Apprendi* violation in this case.

In *United States v. Booker*, 543 U.S. 220 (2005), the United States Supreme Court determined that the Sixth Amendment right to trial by jury applies to sentencing under the mandatory United States Sentencing Guidelines, so that a sentence imposed thereunder is subject to the principle that any fact other than a prior conviction that is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt. In his separate majority or "remedy" opinion in *Booker*, 543 U.S. at 268, Justice Breyer explicitly stated that both the Court's Sixth Amendment holding and its remedial interpretation of the Sentencing Reform Act of 1984 are to be applied only to cases on "direct review." *See also, Never Misses A Shot v. United States*, 413 F.3d 781 (8th Cir. 2005) (defendant could not, on basis of the decision in *Booker*, collaterally attack his sentence).[2]

---

[2]Since in Petitioner's codefendant's case the Eighth Circuit vacated and reentered its Mandate, and the codefendant then filed and had granted a petition for certiorari, the codefendant's judgment of conviction was not final when *Booker* was handed down and *Booker* then applied to the codefendant's case.

9

Petitioner's conviction was final before the Supreme Court announced its decisions in *Blakely v. Washington*, 542 U.S. 296 (2004), or *United States v. Booker*, 543 U.S. 220 (2005). Counsel was not ineffective for failing to raise a *Booker* issue at trial or on appeal, and Petitioner cannot collaterally attack his sentence based on *Booker*.

VII

## WHETHER COUNSEL'S CUMULATIVE ERRORS AND OMISSIONS CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL?

Petitioner claims that the cumulative impact of his defense counsel's errors entitle him to relief. For the reason set forth in the above discussion of the issues presented in this action, defense counsel committed no errors approaching constitutional magnitude in his representation of Petitioner. Therefore, there is no cumulative effect of representation errors which would entitle Petitioner to relief under 28 U.S.C. § 2255. Accordingly,

**IT IS ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 1) is denied.

Dated this 13th day of February, 2008.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: /s/ Jackie Meusenheimer
(SEAL)     DEPUTY

10